IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*    Case No.  08  - CR - 405  (GLS)

UNITED STATES OF AMERICA

                                                                        GOVERNMENT'S SENTENCING
                                                                                 MEMORANDUM

                v.


JASON MCLAUGHLIN,
                        Defendant.


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

        The United States of America, by and through its counsel of record, the United States

Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting,

among other things, that the Court impose a sentence of imprisonment within an advisory guideline

range of 262-327 months.

# I

## INTRODUCTION

        On February 24, 2009, the defendant entered guilty pleas to two counts of producing child

pornography, in violation of 18 U.S.C. § 2251(a).  The defendant is scheduled to be sentenced on

December 17, 2010 at 10:00 a.m.

# II

## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

**1.      Statutory Maximum and Minimum Sentences**

        The defendant's convictions for producing child pornography subject him, on each count,

to a statutory maximum term of 30 years imprisonment and a statutory mandatory minimum term

of 15 years imprisonment; a  lifetime maximum term of supervised release and a 5 year mandatory

minimum term of supervised release, *see* 18 U.S.C. § 3583(k) ; mandatory restitution, *see* 18 U.S.C. § 2259 & 3663A; a fine of $250,000, *see* 18 U.S.C. § 3571; and the forfeiture of property. *see* 18 U.S.C. § 2253.

**2.      Guidelines Provisions**

   **a.       Offense Level**

Since the defendant was convicted of two counts of producing child pornography involving separate victims, the two convictions cannot be grouped and therefore must be scored separately. See U.S.S.G. § 3D1.2(d).

As to Count 1, involving Jane Doe #1, the "base offense level" is 32.  *See* U.S.S.G. § 2G2.1(a).  This base offense level is increased  4  levels since this  minor had not reached the age of 12 years.  *See* U.S.S.G. § 2G2.1(b)(1)(A). That level is increased an additional 4 levels since the offense involved the "commission of a sexual act" and the use of a drug to incapacitate this victim. *See* U.S.S.G. § 2G2.1(b)(2)(A).  An additional 2 levels is added to the base offense level since the offense involved the distribution of the images produced. *See* U.S.S.G. § 2G2.1(b)(3). The base offense level is increased an additional 4 levels since the offense involved material that portrays sadistic and masochistic conduct. *See* U.S.S.G. § 2G2.1(b)(4).  Finally, since the defendant was a relative of the victim, the base offense level is increased an additional 2 levels.  *See* U.S.S.G. § 2G2.1(b)(5).  The resulting adjusted offense level for the first count is therefore a  48.

As to Count 2, involving  Jane Doe #2, the "base offense level" is also a 32.  *See* U.S.S.G. § 2G2.1(a).  This base offense level is increased  2 levels since the alleged minor had attained the age of 12 years, but had not reached the age of 16 years.  *See* U.S.S.G. § 2G2.1(b)(1)(A). That level is increased an additional 4 levels since this offense also involved the "commission of a sexual act"

and the use of a drug to incapacitate the victim. *See* U.S.S.G. § 2G2.1(b)(2)(A).  An additional 2 levels is added to the base offense level since the offense involved the distribution of the images produced. *See* U.S.S.G. § 2G2.1(b)(3). The base offense level is increased an additional 4 levels since the offense involved material that portrays sadistic and masochistic conduct. *See* U.S.S.G. § 2G2.1(b)(4).  Finally, since the defendant was a relative of the victim, the base offense level is increased an additional 2 levels.  *See* U.S.S.G. § 2G2.1(b)(5).  The resulting adjusted offense level for the second count is therefore a  46.

Applying the multiple count rules found in § 3D1.4, two levels are added and the combined adjusted offense level is a 50.  The defendant is entitled to a two-level downward adjustment to his offense level for acceptance of responsibility pursuant to U.S.S.G. §3E1.1(a).  The government moves for an additional one-level downward adjustment pursuant to U.S.S.G. § 3E1.1(b) to credit the defendant for having "assisted authorities in the investigation and/or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently."  After factoring a 3 level reduction for the acceptance of responsibility, the  adjusted offense level is a 47.  However,  the adjusted offense level is increased an additional 5 levels since the defendant is considered a repeat and dangerous sex offender against minors. *See* U.S.S.G. § 4B1.5(b)(1).  The total offense level is therefore a 52.  However, under the guidelines, an offense level greater than 43, is to be treated as an offense level 43. *See* U.S.S.G. Chapter 5, Part A, comment. (n.2).  Thus the adjusted total offense level is a 43, with a guideline range of life.

A life sentence however is not available since the statutory maximum on each count is only

30 years. Thus the potential maximum sentence available to the Court is 60 years, or 720 months. Since the Court has the power to run the guidelines sentences on each count consecutively, to extent necessary to produce a combined sentence equal to the total punishment, the guideline would appear to be 720 months, and not life.

**b.      Criminal History Category**

According to the presentence report, the defendant's criminal history category is I.  The government agrees with the Probation Office's determination of the defendant's criminal history category.

**c.      Guidelines Range and Sentence**

As described above, the adjusted total offense level according to Probation is a 43 and the criminal history category is I.  As a result of the above-described calculations, the federal sentencing guidelines sections advise that the defendant receive a sentence of  life  imprisonment; a fine between $25,000.00 and $250,000.00; a term of supervised release from 5 years to life;  an order of forfeiture; and a mandatory $100.00 special assessment.  However, as noted above, the defendant cannot be sentenced to life since the statutory maximums on each count is only 30 years. As noted above, the guideline appears to be 720 months.

**d.      Government Motion for a Departure**

Pursuant to only the provisions of U.S.S.G. § 5K1.1,  the United States moves the Court for a three-level downward departure from the applicable Sentencing Guidelines range based upon the substantial assistance Mr. McLaughlin has provided to the government.   However, the government recommends that said departure be made from a level 42, and not from a level 43 which carries a life time guideline.  Such a recommendation appears to be appropriate since the defendant

cannot be sentenced to life imprisonment inasmuch as the statutory maximum, on each count, is only 30 years. Since the maximum sentence the court could impose is 60 years (720 months), the guideline range appears to be 720 months. The only offense level that permits such a sentence is a level 42 (360-life). Thus the government recommends that a level 42 be the starting point for a downward departure.

The basis for the government's motion for a downward departure is contained in a separate filing that the government will be seeking to file under seal. Sealing of this filing is appropriate since the information provided is related to a number of covert investigations. The public filing of the information could compromise those investigations.

### III

### GOVERNMENT'S SENTENCING RECOMMENDATION[1]

Based on all of the information before the Court, the United States respectfully contends that a sentence of incarceration between 262 and 327 months is appropriate. In addition, the government asks the Court to order the defendant to (1) register as a sex offender; (2) participate in a mental health treatment program as directed by Probation; (3) have no unsupervised contact with minors; (4) participate in a computer monitoring program; (5) be placed on supervised release for a period of life; (6) forfeit the items set forth in the Indictment; and (7) pay a $200.00 special

---

[1] The government reserves the right to respond to defense arguments raised for the first time after filing of this memorandum. Similarly, if the Court is considering a *sua sponte* departure from the applicable sentencing guidelines range on a ground not previously identified by the parties or in the Presentence Investigation Report, the parties are entitled to notice and an opportunity to respond. *See* Fed R. Crim. P. 32(i)(1)(c), 32 (h).

Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.

assessment.    The sentence that the government recommends here is sufficient, but not greater than necessary to comply with the sentencing purposes in 18 U.S.C. § 3553(a)(2) for the following reasons:

1.        The Nature and Circumstances of the Offenses

The nature, circumstances, and seriousness of the defendant's offenses call for a severe punishment. As outlined in the presentence investigation report, the defendant's conduct was extremely serious and disturbing.  Generally, the defendant drugged 11 and 12 year old girls while they were in his care, molested them, photographed them in sexually explicit poses for the purpose of sharing the images, thereafter distributed said images to others on the Internet, encouraged others to do the same to other minors, and collected thousands of images of minors engaged in sexually explicit material.

More specifically, between January of 2006, and May 17, 2008, the defendant produced sexually explicit image of two known minors.  On at least two separate occasions, he drugged these two minors with Ambien, a sleeping medication, undressed or partially undressed them, and then filmed them in sexually explicit poses.  He also sexually molested them by touching their naked breasts and genitals.  While these girls were drugged, he filmed, among other things, their naked genital areas.  On at least one occasion, he  pulled the underwear of the victims to the side and filmed portions of their naked genital area while their legs were spread apart. The defendant also filmed himself spreading apart  the labia of  these minors.  Additionally, as to at least one of these minors, he filmed himself inserting his finger into said minor's vaginal area while she was naked and asleep.  In addition to filming these minors in sexually explicit positions, the defendant also set up hidden video cameras in their bedrooms in order to film them undressing.  At the time of his

offenses, these minors were under his care and supervisory control. In fact, these minors trusted the defendant, and even looked to him to protect them. The defendant committed his crimes against these minors despite knowing that both of them had previously been sexually victimized by another individual who was eventually convicted and sent to prison.

While his conduct in producing said images was despicable, his depravity did not stop there. Rather he continued to exploit and harm these minors by distributing their images to others throughout the world on the Internet. In fact, one of the purposes in producing such images was to share them with others. To this end, the defendant even placed signs on the naked bodies of his victims which noted that the images were for some of his online friends. Quite disturbingly, the investigation revealed that the defendant was part of a dangerous and sophisticated group of online individuals who actively produced and traded child pornography using encrypted communications. The members of this group promoted and encouraged other members to sexually abuse minors, to film said abuse, and to share the images of this abuse with other members. Many members not only sexually molested minors, but also continued to victimize them by disseminating images of this abuse to many others online. A member of this group, who was arrested and ultimately convicted for producing and distributing such images, eventually agreed to cooperate and was the one who identified the defendant as someone who claimed to be producing child pornography. This individual's computer was forensically analyzed and communications between this individual and the defendant were recovered. These communications revealed that the defendant had distributed a substantial amount of child pornography to this individual and had also received child pornography from him. A significant number of the images distributed by the defendant depict infants and toddlers engaged in sexually explicit conduct. During one communication between the defendant

and this individual, the defendant discussed producing his own child pornography by using the sleeping medication "Ambien" to drug, and then film, 11 and 12 year old minors. He noted that this drug was effective since it erased a victim's memory of the event. He also sent the individual a sexually explicit image of one of the girls he had drugged.

In addition, to producing and distributing child pornography, a search of the defendant's computer media revealed that he possessed approximately 25,000 still images, and over 1,000 videos, depicting other minors engaged in sexually explicit conduct. These images depict, among other things, naked minor females, between the ages of 1 and 14, engaged in vaginal sex, oral sex, anal sex, masturbation, and the lascivious exhibition of the genital area of these minors. Images depicting objects being inserted into the vaginal area of naked minors and naked minors bound or tied were also recovered from said computer media.

The nature and circumstances of the defendant's offenses are egregious. Such conduct warrants a sentence of imprisonment within a range of 262-327 months.

2.      The History and Characteristics of the Defendant

The defendant admittedly has had a strong sexual interested in minor females for a number of years. *See* PSR ¶ 35. When initially interviewed by law enforcement, he noted that he began collecting child pornography during his third year of college, in 2004 or 2005. Starting around that time, the defendant began actively seeking out and trading child pornography and continued to do so until his arrest in 2008. *See* PSR ¶ 30. He did not occasionally seek out such material. Rather, he would engage in such conduct on a weekly or even daily basis. *Id.* He also noted that he collected such images for the purpose of trading with others in order to obtain new material. His conduct underlying the counts of conviction also demonstrates his strong sexual interest in very

young females.   This interest is further evidenced by the fact that while   producing child pornography he would occasionally touch his victims in a sexual manner and would thereafter masturbate.

The defendant also has a history of substance abuse.  *See* PSR ¶s 90-92.   Starting at age 16, he began using marijuana, and continued the use of this drug until the time of his arrest. Marijuana and drug paraphernalia were recovered from his room on the day he was arrested. *See*  PSR  ¶ 18(g). In addition, he began using alcohol at age 14, and continued to consume it on a somewhat regular basis until his arrest.  *Id.* at ¶ 90.  Further, the defendant has a history of mental and emotional issues.  *See* PSR ¶s 86-87.

The defendant's history and characteristics relating to his strong and long standing sexual interest in young female minors and his substance abuse issues supports a term of imprisonment within a range of 262-327 months.

### 3.        The Need for the Sentence Imposed to Afford Adequate Deterrence

As noted throughout, the defendant's crime is extremely serious and the sentence imposed should reflect this.  In addition, there is a clear need in this case to deter the defendant, and others, from committing offenses of this nature.  Defendants have been convicted of similar offenses in this district and in districts across the United States. Although many of these cases are reported by the news media, individuals continue to commit such offenses. It is important to impose a significant sentence to deter like minded  individuals from committing similar offenses. A sentence within a range 262-327 months, appears to be one of  the most effective way of preventing this defendant and others from sexually exploiting minors.

4.      The Need for the Sentence Imposed to Protect the Public

Based upon the nature of the defendant's offenses and his history of trading child pornography involving young girls, the defendant appears to pose a significant danger to female minors.  He clearly has a strong sexual interest in minor females-one that he cannot control despite family ties, his familiarity with the law, and contact with law enforcement.  In this case, the defendant incapacitated 11 and 12 year old girls by drugging them, undressed them, and then filmed them in sexually explicit poses.  He even sexually molested them while filming them.  His interest in minor females is also demonstrated by his online activities involving his distribution, receipt and possession of child pornography with a group of online criminals. While communicating with members of this group, he openly discussed his interest in obtaining sexually explicit images of, and his sexual interest in, very young minors, including "babies" and "one to two year old[s]". *See* PSR ¶15b-c & e.   As part of his collection of child pornography, the defendant possessed images of minors engaged in sadistic and masochistic conduct, including images of minors with objects being inserted into their vaginal areas and images of naked bound minors.   His conduct in this case, clearly demonstrates that he has a very strong sexual interest in very young females and is simply unable to control it.   He is clearly a danger to the young female minors in our community and a substantial sentence is clearly warranted to protect the female minors in our community.

5.      The Need  To Avoid Unwarranted Sentence Disparities Among Defendants Found Guilty of Similar Conduct.

Other defendants with similar criminal histories and convicted of similar conduct have been sentenced to equivalent terms of imprisonment. For example, one of the members of his online group received a sentence of 720 months based upon similar conduct.  *See* PSR ¶ 13. There is no

**Page 10**

need to impose a non-Guidelines sentence in this case to avoid unwarranted sentencing disparities.

## CONCLUSION

For the reasons stated above, the Government recommends that the defendant be sentenced to a term of imprisonment between 262-327 months. In addition, the government asks the Court to order the defendant to (1) register as a sex offender; (2) participate in a mental health treatment program as directed by Probation; (3) participate in a substance abuse program;  (4) have no unsupervised contact with minors; (5) participate in a computer monitoring program; (6) forfeit the items mention in the Indictment; and (7)  be placed on a lifetime term of supervised release.[2]

Very truly yours,

RICHARD S. HARTUNIAN
UNITED STATES ATTORNEY

By:     s/ THOMAS SPINA JR.
Bar Role Number: 102653
United States Attorneys Office
James T. Foley U.S. Courthouse
445 Broadway
Albany, N.Y.  12207
Telephone: (518)431-0247
Fax: (518)431-0249
E-mail: Thomas.Spina@usdoj.gov

cc:     Hon. Lawrence K. Baerman, Clerk
U.S. District Court Clerk, Albany          (Electronic filing)

Andrew R. Safranko, Esq.                   (Electronic service)
54 State Street, 9th Floor
Albany, New York 12207-2501

Angela Bennett Rodriguez
U.S. Probation Office

Special Agent Todd Turner, ICE

---

[2]  Pursuant to the policy statement accompanying U.S.S.G. § 5D1.2(c), a lifetime term of supervised release is recommended in cases of this nature.  See also PSR ¶ 104.

**Page 11**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF NEW YORK

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**UNITED STATES OF AMERICA,**

**Criminal Action No.**

**v.**

**08-CR-405 (GLS)**

**JASON MCLAUGHLIN,**

**Defendant.**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2010, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

1.    Andrew R. Safranko, Esq.

/s/Thomas Spina Jr.
Thomas Spina Jr.
Assistant United States Attorney
Bar Roll No. 102653
December 6, 2010

**Page 12**