**U.S. Department of Justice**

*United States Attorney*
*Northern District of New York*

---

*James T. Foley U.S. Courthouse*
*445 Broadway, Room 218*
*Albany, New York  12207*
*(518) 431-0247*
December 12, 2010


Honorable Gary L. Sharpe
United States District Judge
Northern District of New York
James T. Foley United States Courthouse
445 Broadway
Albany, New York  12207

Re: **United States v. Jason McLaughlin**
**08-CR-405**

Dear Judge Sharpe:

This letter is submitted in response to two issues raised in the defendant's sentencing memorandum. Sentencing is currently scheduled for Friday, December 17, 2010.

1. The Advisory Guideline Range

The defendant asks the Court to vary from the guideline range as calculated in the PSR because he claims that the child exploitation guidelines are not based on empirical research and data, but rather were developed and increased based upon "political pressure." It appears that his argument is based, in part, on the Second Circuit's decision in *United States v. Dorvee*, 604 F.3d 85(2010). This argument should be rejected.

Initially, the Court in *Dorvee* was addressing the child pornography guidelines found in U.S.S.G. § 2G2.2, and not the guideline section pertaining to the production of child pornography found in U.S.S.G. § 2G2.1. Although the defendant asks this Court to extend the Second Circuit's rational in *Dorvee*

1

to § 2G2.1, he offers little or no evidence to demonstrate that this guideline section was developed in the same manner as § 2G2.2. This Court should therefore give § 2G2.1 the same consideration as other guideline sections not called into question by the Second Circuit.

Furthermore, the *Dorvee* decision does not require this Court to impose a nonguideline sentence here. As noted above, *Dorvee* addressed only the application of §2G2.2 to the run of the mill child pornography cases. It specifically distinguished cases involving the actual sexual abuse of minors and those involving the "most dangerous" offenders who "distribute child pornography for pecuniary gain." *See Dorvee*, 604 F.3d at 96. Here, the defendant's offenses involved the actual sexual abuse of two minors after rendering them incapacitated, and the distribution of images of such a abuse for the purpose of receiving similar images. The defendant's conduct involved some of the most dangerous conduct involving minors. Under these circumstances, the resulting significant guideline range appears to be appropriate.

Moreover, a sentence within the guideline range does not result in an unreasonable sentence in this particular case. The applicable specific offense characteristics appropriately increase the defendant's range inasmuch as they are clearly aggravating circumstances. For instance, an enhancement based upon the exploitation of a prepubescent minor is appropriate and should result in a longer sentence. Further, the fact that sexual acts occurred and that the victims were rendered incapacitated are aggravating circumstances that should also result in a longer sentence. Additionally, the distribution of the images produced results in further harm to the victims and should also increase the defendant's sentence. Finally, the fact that the offense involved material portraying sadistic and masochistic conduct is also a factor warranting an increased sentence. Unlike the situation in *Dorvee*, none of these enhancements are "all but inherent" in the crime of producing child pornography.

In sum, a sentence within the guideline range here would not be an unreasonable result considering the defendant's crimes and history. More specifically, in light of (1) the defendant's conduct in rendering his two minor victims incapacitated with a drug on at least two occasions and then sexually abusing them; (2) his conduct in producing images of this abuse; (3) his distribution of those images to others so that he could obtain similar images; (4) his encouragement of others to abuse minors, film said abuse and share images of the abuse with others; (5)

his trading of child pornography with others; (6) his substantial collection of child pornography; and (7)the nature of the images he possessed, including some disturbing images depicting toddlers and others of minors engaged in S & M activities, a guidelines sentence would not be shockingly high.

2. <u>Letter from Psychologist Richard D. Sutter, Ph.D.</u>

In support of his request for a nonguidelines sentence, the defendant has submitted a letter from psychologist Richard D. Sutter.  Dr. Sutter appears to conclude that the defendant is a low risk to reoffend if he receives treatment. He appears to base this conclusion on his finding that the defendant committed his offenses not based upon a deviant sexual interest, but rather because he was "unconsciously" trying to "undo" the sexual abuse he suffered as a child. Such a conclusion is somewhat troubling. The defendant's deviant sexual interest in young girls is quite apparent. He not only sexually abused two young girls on at least two occasions, he amassed a large collection of images depicting young girls engaged in sexually explicit conduct.  Moreover, during his conversations with other like-minded individuals, he openly discussed his sexual interest in young girls. Significantly, the defendant admitted that he masturbated to thoughts and images of the young girls. Notwithstanding Dr. Sutter's conclusions, the defendant clearly has a deviant sexual interest.

Furthermore, Dr. Sutter's conclusion that the basis for the defendant's crime is post traumatic stress disorder is equally troubling. Many individuals who were sexually abused as minors do not sexually abuse other minors. Also, the abuse of the defendant involved another male, not females. Further, those suffering from post traumatic stress disorder do not appear to often engage in similar conduct in the future. For example, those who were in battle and observed others killed do not ordinarily return home and kill others. Similarly, those who are involved in automobile accidents do not later intentionally become involved in an automobile accident to "undo" what happened to them in the past. Since Dr. Sutter's conclusions are somewhat suspect, they should be given little, if any, weight.

If there is anything further you may need, please contact

me.

                                   Very truly yours,


                                   RICHARD S. HARTUNIAN
                                   UNITED STATES ATTORNEY

                              By:  s/ THOMAS SPINA JR.
                                   Bar Role Number: 102653
                                   United States Attorneys Office
                                   James T. Foley U.S. Courthouse
                                   445 Broadway
                                   Albany, N.Y.  12207
                                   Telephone: (518)431-0247
                                   Fax: (518)431-0249
                                   E-mail: Thomas.Spina@usdoj.gov

cc:   Hon. Lawrence K. Baerman, Clerk
      U.S. District Court Clerk, Albany       (Electronic filing)

      Andrew R. Safranko, Esq.                (Electronic service)
      54 State Street, 9th Floor
      Albany, New York 12207-2501

      Angela Bennett Rodriguez
      U.S. Probation Office

      Special Agent Todd Turner, ICE

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF NEW YORK

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**UNITED STATES OF AMERICA,**

|  |  |
|---|---|
|  | **Criminal Action No.** |
| **v.** | **08-CR-405 (GLS)** |

**JASON MCLAUGHLIN,**

       **Defendant.**

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2010, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

1.     Andrew R. Safranko, Esq.

 

/s/Thomas Spina Jr.

Thomas Spina Jr.

Assistant United States Attorney

Bar Roll No. 102653

December 12, 2010

5